UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER,<br><br>Plaintiff,<br><br>v.<br><br>BARRY JONES, et al.,<br><br>Defendants. | No. 1:19-cv-000161-DAD-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFF TO PAY THE FILING FEE TO PROCEED WITH THIS ACTION<br><br>(Doc. No. 3) |

Plaintiff Matthew B. Cramer is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 28 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 20, 2019, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) be denied, and that plaintiff be required to pay the $400.00 filing fee to proceed with this action because he is subject to the three strikes bar under 28 U.S.C. § 1915(g) and the allegations of his complaint do not satisfy the "imminent danger of serious physical injury" exception to that bar. (Doc. No. 3.) Those findings and recommendations were served on plaintiff and contained

/////

1

notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 5.) On March 8, 2019, plaintiff timely filed his objections. (Doc. No. 4.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the undersigned concludes that the findings and recommendations are supported by the record and proper analysis.

The undersigned has reviewed the dismissals of three lawsuits that plaintiff previously filed while incarcerated that the magistrate judge here has construed as strikes and agrees that plaintiff is subject to § 1915(g)'s three strikes bar.[1] Plaintiff does not disagree that he is subject to

---

[1] The undersigned agrees that the three prior dismissal orders relied upon by the magistrate judge here qualify as strikes. *See Cramer v. Calif. Dep't of Justice*, No. 2:00-cv-02374-DFL-DAD (E.D. Cal. Sept. 26, 2001) (dismissing action as frivolous and due to plaintiff's failure to state a cognizable claim); *Cramer v. Ty Warner Inc.*, No. 2:00-mc-00099-FCD-GGH (E.D. Cal. July 26, 2001) (dismissing action for failure to state a cognizable claim). The third order relied upon as a strike—*Cramer v. Schwarzenegger*, No. 1:08-cv-01310-GSA (E.D. Cal. Apr. 24, 2009) (dismissing action for failure to state a cognizable claim)—was issued by a magistrate judge following only the consent of the plaintiff to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). Subsequent to that dismissal order, the Ninth Circuit issued its opinion in *Williams v. King*, 875 F.3d 500, 504–05 (9th Cir. 2017), in which the court held that absent the consent of all parties, including unserved defendants, magistrate judges lack jurisdiction to enter dispositive decisions including orders of dismissal. The decision in *Williams* raises an issue not yet addressed by the Ninth Circuit: May dismissal orders issued prior to the decision in *Williams* by magistrate judges without the consent of all parties later be counted as strikes under § 1915(g) if they otherwise qualify as such under that statute? The undersigned has been persuaded that, where a magistrate judge issued a pre-*Williams* order dismissing a case with only the plaintiff's consent to jurisdiction, the dismissal can still count as a "strike," so long as the order has not been declared void by way of an appeal or other appropriate challenge. *See Bontemps v. Hicks*, No. 1:16-cv-01854-DAD-EPG, 2018 WL 1905648, at *2–4 (E.D. Cal. Apr. 23, 2018), *findings and recommendations adopted by* 2018 WL 5291963 (E.D. Cal. Oct. 23, 2018). While the undersigned remains persuaded that such a conclusion is correct as a matter of law, the court also acknowledges that the issue has not been addressed by the Ninth Circuit or any other circuit, and that a reasonable argument can be made to the contrary. *See Allen v. Meyer*, 755 F.3d 866, 868 (9th Cir. 2014) (Absent consent, "the magistrate judge had no jurisdiction to enter final judgment on behalf of the district court, and any purported judgment is a nullity."); *Kofoed v. Int'l Bhd. of Elec. Workers, Local 48*, 237 F.3d 1001, 1004 (9th Cir. 2001) ("Where the magistrate judge has not received the full consent of the parties, he has no authority to enter judgment in the case, and any purported judgment is a nullity."); *Reynaga v. Cammisa*, 971 F.2d 414, 417 (9th Cir. 1992) (Holding that, absent consent of the parties, an order staying an action issued by a magistrate judge "was beyond the magistrate's authority: it was beyond his jurisdiction and was, in essence, a legal nullity"); *see also Orff v. United States,* 358 F.3d 1137, 1149–1150 (9th Cir. 2004) (Because "the district court never had jurisdiction to issue its rulings on the merits . . . [w]e must

the bar. (*See* Doc. No. 4 at 2) ("Plaintiff Cramer does not dispute the fact that . . . he has filed 3 separate suit[s] . . . [that] the courts may deem as strikes."). Instead, plaintiff argues that (1) he cannot pay the entire filing fee at the outset of the action and (2) he qualifies for the imminent danger exception to § 1915(g)'s three strikes bar. (*Id.* at 2–4.) The court addresses each argument in turn.

    First, the fact that plaintiff is unable to pay the entire filing fee at this time does not alter the magistrate judge's finding that plaintiff is subject to § 1915(g)'s three strikes bar.[2] This is because under § 1915(g), "plaintiff's IFP application is barred, *notwithstanding his indigency*, unless plaintiff can show that he '"is under imminent danger of serious physical injury."'" *Silva v. McDermott*, No. C07-1278-JCC-JPD, 2007 WL 3125273, at *1 (W.D. Wash. Oct. 24, 2007). Here, notwithstanding his inability to pay the filing fee, the magistrate judge found that plaintiff is subject to § 1915(g)'s three strikes bar; thus, unless he can demonstrate that he "is under imminent danger of serious physical injury," he must pay the filing fee in full before being allowed to proceed with this action.

    Second, the magistrate judge properly concluded that plaintiff does not qualify for application of the imminent danger exception. In his objections, plaintiff argues that, because he is suing police officers and alleging that these officers stole guns, money, and other property from him, his life "will be in danger for naming essentially half the dep[artment]." (Doc. No. 4 at 2–3.) He contends that it "is evident his life will be endangered once these officers get investigated." (*Id.* at 4.) These objections, however, do not meaningfully dispute the magistrate judge's finding that "[t]he availability of the imminent danger exception 'turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.'" (Doc. No. 3 at 3) (quoting *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007)). Here, neither plaintiff's complaint

---

vacate as nullities [those] rulings" and they are therefore not "binding in this or any other case."); *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380-81 (9th Cir. 1988) ("If jurisdiction was lacking, then the court's various orders . . . were nullities.").

[2] Of course, as a prerequisite to obtaining in forma pauperis status a prisoner is required to demonstrate his inability to pay the requisite fees and costs in the first instance. See 28 U.S.C. § 1915(b).

3

nor his objections assert that he faced an imminent danger of serious physical injury at the time that he filed his complaint. To the contrary, in his objections, plaintiff states, "I don't mind saying right now I'm safe in state prison." (Doc. No. 4 at 5.)

Accordingly:

1. The findings and recommendations issued on February 20, 2019 (Doc. No. 3) are adopted in full;

2. In accordance with 28 U.S.C. § 1915(g), plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is denied;

3. Within **fourteen (14) days** following service of this order, plaintiff shall pay the $400.00 filing fee in full to proceed with this action. If plaintiff fails to pay the required filing fee in full within the specified time, this action will be dismissed; and

4. The matter is referred back to the assigned magistrate for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: __May 21, 2019__   _____
UNITED STATES DISTRICT JUDGE