# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MATTHEW B. CRAMER,

          Plaintiff,

vs.

BARRY JONES, et al.,

          Defendants.

Case No: 1:19-cv-000161-DAD-SKO

FINDINGS AND RECOMMENDATIONS TO DENY MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

(Doc. 2)

TWENTY-ONE (21) DAY OBJECTION DEADLINE

## I.      INTRODUCTION

Plaintiff Matthew B. Cramer, a prisoner at North Kern State Prison, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on February 5, 2019.  (Doc. 1 ("Compl.").)  Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915.  (Doc. 2).

The Prison Litigation Reform Act ("PLRA") was enacted, and became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

1

unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "Section 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the [PLRA's] effective date." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

The Court takes judicial notice of the following Eastern District of California and District of Oregon cases:[1] *Cramer v. Ty Warner, Inc.*, case number 2:00-mc-00099-FCD-GGH (E.D. Cal., dismissed July 26, 2001, for failure to state a claim; no appeal filed); *Cramer v. Multnomah County Sheriff Department*, case number 3:02-cv-00141-JE (D. Or., dismissed June 25, 2002, for failure to state a claim; appeal dismissed for failure to prosecute); *Cramer v. Schwarzenegger*, case number 1:08-cv-01310-GSA (E.D. Cal., dismissed April 24, 2009, for failure to state a claim; no appeal filed).[2] Accordingly, prior to the date he filed this action, Plaintiff had at least three strikes under section 1915(g), and he may proceed *in forma pauperis* only if he is seeking relief from a danger of serious physical injury which was "imminent" at the time of filing.[3] *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).

Under the law of the circuit, a plaintiff must be afforded an opportunity to persuade the court that section 1915(g) does not bar *in forma pauperis* status for him. *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). Here, Plaintiff preemptively alleged in his complaint that he "is in fear of his life." (Compl. at 3.) For the reasons set forth below, however, the undersigned finds that Plaintiff does not qualify for the imminent danger exception.

[1] This Court may take judicial notice of its own records and the records of other courts. *See United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *see also* Fed. R. Evid. 201.

[2] The third order relied upon as a strike—*Cramer v. Schwarzenegger*, No. 1:08-cv-01310-GSA (E.D. Cal. Apr. 24, 2009) (dismissing action for failure to state a cognizable claim)—was issued by a magistrate judge following only the consent of the plaintiff to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). Subsequent to that dismissal order, the Ninth Circuit issued its opinion in *Williams v. King*, 875 F.3d 500, 504–05 (9th Cir. 2017), in which the court held that absent the consent of all parties, including unserved defendants, magistrate judges lack jurisdiction to enter dispositive decisions including orders of dismissal. In a recent decision, the Ninth Circuit held that *Williams* does not preclude the counting of a dismissal by a magistrate judge who had not received both parties' consent to proceed as a prior strike under section 1915(g). *See Hoffmann v. Pulido*, 928 F.3d 1147, 1150–51 (9th Cir. 2019).

[3] The undersigned previously recommended that the district court deny Plaintiff's application to proceed *in forma pauperis* under the PLRA's "three strikes" provision. (*See* Doc. 3.) The assigned district judge adopted the findings and recommendations. (*See* Doc. 5.) On appeal, the Ninth Circuit vacated the district court's order, holding that one of the dismissals that was counted as a strike, *Cramer v. Calif. Dep't of Justice*, 2:00-cv-02374-DFL-DAD ("*Cramer*"), was not a strike under the PLRA. (*See* Doc. 10.) Accordingly, these findings and recommendations do not include *Cramer* as one of the strikes.

2

## II.    DISCUSSION

### A.    Legal Standard

The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Cervantes*, 493 F.3d at 1053. "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under section 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998). *See also Martin*, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g) . . . ."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of section 1915(g). In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [in forma pauperis]." *Stine v. Fed. Bureau of Prisons*, No. 1:13–CV–1883 AWI MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298–99 (2d Cir. 2009)). In making the imminent danger determination the Court must liberally construe Plaintiff's allegations. *Cervantes*, 493 F.3d at 1055.

### B.    Analysis

The undersigned has carefully reviewed Plaintiff's complaint, including his exhibits, and finds that it does not contain "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Id*. at 1055 (quoting 28 U.S.C. § 1915(g)). The complaint alleges claims for violations of "due process" and the "Eighth Amendment" against the

3

1   Chief of Police of Tulare, California, the Chief of Police of Visalia, California, and two police
2   officers with the Visalia Police Department, for allegedly acting in concert to "fake" search
3   warrants and "steal" recovered and impounded property. (Compl. at 4–5.) With respect to
4   "imminent danger," Plaintiff alleges that "[d]ue to [the] recent full blown arrests of Visalia
5   [Department] Detectives Shane Logan and Brian Ferreira, Plaintiff . . . is in fear of his life due to
6   his naming of other [Visalia Police Department] officers," and that "[o]nce this case is noted,
7   Plaintiffs' [sic] life will be in danger, Plaintiff is exposing officers [sic] corruption." (Compl. at 3.)

8        The availability of the imminent danger exception "turns on the conditions a prisoner faced
9   at the time the complaint was filed, not at some earlier or later time." *Cervantes*, 493 F.3d 1047,
10  1053. Plaintiff's generalized fear of potential harm to be suffered in the future due to his filing of
11  this lawsuit is insufficient to satisfy section 1915(g)'s "imminence" requirement. *See id.* at 1055.
12  Plaintiff has also failed to allege a threat of imminent serious physical injury beyond that which is
13  merely speculative or hypothetical. *See Blackman*, 2016 WL 5815905, at *1. *See also Martin*, 319
14  F.3d at 1050; *White*, 157 F.3d at 1231–32. Here, it is not clear that the named defendants are even
15  aware of this case that he will allegedly be retaliated against for filing—as they have not yet been
16  served. *Cf. Logan v. Tomer*, Case No. 1:17–cv–00887–EPG (PC), 2017 WL 3896364, at *2 (E.D.
17  Cal. Sept. 6, 2017) (finding prisoner's allegations that he was retaliated for filing a lawsuit failed
18  to show cause that he was in imminent danger when he filed the complaint).

19       Finally, even if the allegations concerning prospective retaliation by the named defendants
20  constituted such an imminent threat, they are not related to the claims in his case. *See Stine*, 2015
21  WL 5255377, at *1; *see also Pettus*, 554 F.3d at 198–99. Here, Plaintiff seeks the "investigation
22  and recovery" of his property, including cash, vehicles, and weapons, that he contends Defendants
23  stole and/or improperly impounded in violation of his constitutional rights. (Compl. at 6. *See also*
24  *id*. at 3–5.) The allegations regarding any retaliation by Defendants for filing this case do not have
25  a nexus to his claims: Plaintiff does not allege, for example, that Defendants' theft or acts of
26  impoundment have put him in imminent danger. Put another way, Plaintiff has not shown that he
27  is in imminent danger that would be redressed by this lawsuit.[4]

28

---

[4] Plaintiff instead alleges that it is the *lawsuit itself* that gives rise to the imminent danger of serious physical injury.

4

## III. CONCLUSION AND ORDER

Because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his complaint, he is not entitled to the privilege of proceeding *in forma pauperis* in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

Accordingly, IT IS HEREBY RECOMMENDED that:

1.     Plaintiff's motion to proceed in forma pauperis (Doc. 2) be denied with prejudice under 28 U.S.C. § 1915(g);

2.     Plaintiff be directed to submit, within fourteen (14) days after the district judge adopts these findings and recommendations, the full filing fee of $400.00;[5] and

3.     Plaintiff be informed that failure to timely pay the filing fee will result in the dismissal of this action without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B).  **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

---

Plaintiff, however, "cannot create the imminent danger so as to escape the three strikes provision of the PLRA." *Ransom v. Ortiz*, No. 1:11-cv-00617-LJO-GBC (PC), 2012 WL 3639120, at *4 (E.D. Cal. Aug. 23, 2012) (quoting *Taylor v. Walker*, Civil No. 07-706-MJR, 2007 WL 4365718, *2 (S.D. Ill. Dec. 11, 2007)).  "To hold otherwise would eviscerate the rule because every prisoner would then avoid the three strikes provision . . . ." *Id.* (quoting *Muhammed v. McDonough*, No. 3:06-cv-527-J-32TEM, 2006 WL 1640128 (M.D. Fla. June 9, 2006)).

[5] The full fee includes the $350.00 filing fee and the $50.00 administrative fee.  In contrast, plaintiffs proceeding *in forma pauperis* need not pay the $50.00 administrative fee.

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   __**January 23, 2020**__                        _____/s/ *Sheila K. Oberto*_____

UNITED STATES MAGISTRATE JUDGE