UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER,<br><br>Plaintiff,<br><br>v.<br><br>BARRY JONES, *Chief of Police at the City of Tulare*, et al.,<br><br>Defendants. | No. 1:19-cv-00161-DAD-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. No. 12) |

Plaintiff Matthew B. Cramer is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 28 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 22, 2019, the undersigned adopted findings and recommendations and denied plaintiff's application to proceed *in forma pauperis* on the grounds that he was subject to the three strikes bar under 28 U.S.C. § 1915(g). (Doc. No. 5.) On October 21, 2019, the Ninth Circuit Court of Appeals vacated that order and remanded this action for further proceedings, finding that one of the prior dismissals relied upon by this court in its May 22, 2019 order did not constitute a strike under § 1915(g). On January 24, 2020, following remand from the Ninth Circuit (Doc. No. 10), the assigned magistrate judge issued findings and recommendations, again recommending that plaintiff's application to proceed *in forma pauperis* ("IFP") (Doc. No. 2) be denied. (Doc.

1

No. 3.) Specifically, the magistrate judge identified three cases, in addition to the one erroneously relied upon by this court previously, where actions brought by plaintiff had been dismissed as a whole for failing to state a claim: *Cramer v. Ty H. Warner, Inc.*, No. 2:00-mc-00099-FCD-GGH (E.D. Cal. July 26, 2001); *Cramer v. Multnomah Cty. Sheriff's Dep't*, No. 3:02-cv-00141-JE (D. Or. June 25, 2002); *Cramer v. Schwarzenegger*, No. 1:08-cv-01310-GSA (E.D. Cal. April 24, 2009). Based upon those prior dismissals, the magistrate judge found that plaintiff is subject to the three strikes bar under 28 U.S.C. § 1915(g) and that the allegations of his complaint do not satisfy the "imminent danger of serious physical injury" exception to that bar. (*Id.*) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 5.) No objections have been filed and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly:

1. The findings and recommendations issued on January 24, 2020 (Doc. No. 12), are adopted in full;
2. In accordance with 28 U.S.C. § 1915(g), plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is denied;
3. Within fourteen (14) days following service of this order, plaintiff shall pay the $400.00 filing fee in full to proceed with this action;
4. Failure to pay the required filing fee in full within the specified time will result in the dismissal of this case; and
5. The matter is referred back to the magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **March 27, 2020**

UNITED STATES DISTRICT JUDGE